## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Nancy K. Alanis | § | |
| | § | |
| | § | Civil Action Number |
| | § | |
| V | § | 5:18-cv-138 |
| | § | |
| | § | |
| | § | |
| Nationstar Mortgage, LLC | § | |
| | § | |
| d/b/a Mr. Cooper and | § | |
| | § | |
| Kelly Harvey, P.C. d/b/a | § | |
| | § | |
| Harvey Law Group | § | |

**Plaintiff's Class Action Complaint and Demand for Jury Trial**

---

## Introduction

1. Plaintiff, Nancy K. Alanis, on behalf of herself and all other similarly situated, demanding trial by jury, brings this action for the illegal practices of Defendants, Nationstar Mortgage, LLC. d/b/a Mr. Cooper and Kelly Harvey, P.C. d/b/a Harvey Law Group, who used false, deceptive, and misleading practices, and other illegal practices, in

connection with their attempts to collect an alleged debt from Plaintiff.

2. Plaintiff alleges Defendants' conduct in collecting consumer debts violate the Fair Debt Collection Practices Act, and the Texas Fair Debt Act.

3. Such collection practices include, sending or causing to be sent, written communications that:

    a. Make false representations or implications that an attorney is meaningfully involved in the process of sending those communications;

    b. Incorrectly state the amount of the consumer's debt;

    c. Fail to meaningfully identify the creditor of the consumer's debt; and

    d. Contradict and overshadow the consumer verification and dispute rights.

4. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by

many debt collectors, and has determined that abusive
collection practices contribute to a number of personal
bankruptcies, marital instability, loss of jobs, and invasions
of personal privacy. Congress enacted the FDCPA to
eliminate abusive debt collection practices by debt
collectors, to ensure that those debt collectors who refrain
from using abusive debt collection practices are not
competitively disadvantaged, and to promote uniform State
action to protect consumers against debt collection abuses.
15 U.S.C. § 1692(a)-(e).

5. The FDCPA is a strict liability statute providing for actual or
statutory damages upon the showing of one violation. In
reviewing an FDCPA complaint courts "must evaluate any
potential deception in the letter under an unsophisticated
consumer standard, assuming that the plaintiff-debtor is
neither shrewd nor experienced in dealing with creditors."
*McMurray v. ProCollect, Inc.*, 687 F.3d 665 (5th Cir. 2012).

6. The FDCPA applies to lawyers regularly engaged in consumer debt collection. *Heintz v Jenkins*, 512 U.S. 291 (1995); *Garret v Derbes*, 110 F.3d 317 (5th Cir. 1997).

7. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these per se violations prohibited by that section are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); false representations or implications that any individual is an attorney or that any communication is from an attorney, 15 U.S.C. §1692e(3); the representation or implication that nonpayment of any debt will result in the sale of any property unless such action is lawful, 15 U.S.C. § 1692e(4); threatening to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to

collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

8. To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain per se violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f (1)-(8). Included among the per se violations prohibited in this section are the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly permitted by law, 15 U.S.C. § 1692f(1).

9. The Texas Debt Collection Practices Act, like the FDCPA, prohibits debt collectors from engaging in misrepresentations or using deceptive, coercive, threatening, abusive practices when collecting a debt.

10. The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed

appropriate by this Court, pursuant to the FDCPA, TDCPA, and all other common law or statutory regimes.

11. This case involves an alleged obligation, for personal, family, or household purposes, and arising from a transaction or alleged transaction. This action arises out of a consumer debt as defined by Tex. Fin. Code § 392.001(2).

## Parties

12. Alanis is a natural person.

13. At all times relevant to this complaint Alanis resided in San Antonio, Bexar County, Texas.

14. At all times relevant to this complaint Kelly Harvey P.C. d/b/a Harvey Law Group is a Texas professional corporation existing pursuant to the laws of the State of Texas.

15. Harvey maintains its principal business address at 1126 W. Gray, Houston, TX 77019.

16. Nationstar Mortgage, Inc. d/b/a Mr. Cooper is a publicly traded corporation existing pursuant to the laws of Delaware.

17. Nationstar became the loan servicer to US Bank National Association as Trustee, Successor in Interest to Bank of America, National Association, as Trustee, Successor by Merger to Lasalle Bank, National Association as Trustee for Merrill Lynch Mortgage Investors Trust Series 2006-HE6 in July 2013.

18. Nationstar maintains its principal business address at 8950 Cypress Waters Blvd Coppell, TX 75019-4620. And may be served through its registered agent Corporation Service Company at 211 E. 7th Street Suite 620 Austin, TX 78701.

**Jurisdiction & Venue**

19. Jurisdiction of this Court arises under 15 U.S.C. § 1682k(d) and 28 U.S.C. §§ 1331, 1337.

20. Supplemental jurisdiction of Plaintiff's state law claims arises under 28 U.S.C. § 1367.

21. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal district, and because Defendants are each subject to

personal jurisdiction in the State of Texas at the time this action commenced.

## Factual Background

22. In 2006 Alanis' home on Blanco Road in San Antonio suffered extensive damage from a fallen tree. Rather than haggle with her insurance carrier, she took out a home equity loan for $96,000.

23. The CIT Group wrote the note.

24. She repaired the house and made regular timely payments on the home-equity note.

25. Her note was transferred, conveyed, or otherwise sold to US Bank National Association as Trustee, Successor in Interest to Bank of America, National Association, as Trustee, Successor by Merger to Lasalle Bank, National Association as Trustee for Merrill Lynch Mortgage Investors Trust Series 2006-HE6 in April 2009.

26. In spite of her regular on-time payments, US Bank sued her for foreclosure under Tex. R. of Civ. P. 736 in May 2009.

27. US Bank was granted a default judgment in September 2009.

28. Her house was sold at the courthouse steps in January 2010. The Substitute Trustee's Deed that was properly recorded in the Bexar County property records is attached as Exhibit A. Per Tex. Prop. Code § 13.002 all persons are on notice of its existence.

29. Under Tex. Const. art. XVI § 50(a)(6)(c) home-equity loans are non-recourse.

30. When US Bank foreclosed and sold Alanis' home it recovered all it was capable of recovering at the foreclosure sale. After the foreclosure a home-equity loan is extinguished and there is no deficiency.

31. Alanis engaged in state court litigation surrounding the wrongful foreclosure. US Bank was part of that litigation. Alanis did not recover her home or have her note reinstated as a result of the state court litigation.

32. In January 2017 Nationstar retained Harvey to collect the alleged debt.

33. Plaintiff are informed and believe, and on that basis allege, that at all times relevant to the collection of the alleged debt Harvey was also the agent for Nationstar, acting within the course and scope of its employment at the time of the incidents complained of herein, and was at all times under the direct supervision, instruction, control, and approval of Nationstar.

34. On February 9, 2017 Harvey, as Nationstar's agent, sent the letters attached as Exhibits B and C to Plaintiff.

35. These letters are "communications" per 15 U.S.C. § 1692a(2).

36. On information and belief, the February 9, 2017 letter is a mass-produced, computer-generated, auto-filled form letter that is prepared by non-attorney debt collectors employed by Harvey and sent to consumers from whom it is collecting a debt.

37. In Exhibit B Harvey claims to represent both "the herein named creditor and mortgage servicer." In Exhibit C Harvey

claims to represent "Nationstar Mortgage LLC" without mention of a creditor.

38. In Exhibit B Harvey states:

> "The law does not require us to wait until the end of the thirty (30) day period before beginning the foreclosure proceeding. If however *you request proof of the validity of the debt* or the name and address of the original creditor within the thirty (30) day period that begins with receipt of this letter, the law requires is to suspend our efforts to foreclose and collect the debt until we mail the requested information to you."
>
> (emphasis added).

39. Nationstar is a debt collector as that term is defined 15 U.S.C. § 1692a(6) and a third party debt collector as defined by Tex. Fin. Code § 392.001(7).

40. Harvey is a debt collector as that term is defined 15 U.S.C. § 1692a(6) and a third party debt collector as defined by Tex. Fin. Code § 392.001(7).

41. Nationstar placed a debt for collection with a debt collector that it knew or should have known was extinguished.

**Policies and Practices Complained Of**

42. It is Defendant's policy and practice to engage in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), 1692e(4), 1692e(5), 1692e(10), 1692g(a)(1), 1692g(a)(2), and 1692g(b), as well as Tex. Fin. Code §§ 392.102, 392.301(a)(8), 392.303(a)(2), 392.304(a)(19).

43. On information and belief Harvey's collection letters, in the form attached as Exhibits B and C were mailed to hundreds of consumers who are similarly situated with Plaintiff.

**Class Allegations**

44. Plaintiff brings this claim on behalf of two classes, the Harvey Class and the Nationstar Class to Fed. R. Civ. P. 23(a) and 23(b)(2) and (3).

45. With respect to the Harvey Class, this claim is brought on behalf of all natural persons with addresses in the State of

Texas, to whom Harvey mailed written communications substantially similar to the same form as Exhibit B and C, in connection with its attempt to collect a debt during the period beginning two years prior to the filing of this action and ending 21 days thereafter, which either:

a. Failed to accurately identify the creditor of the alleged debt;

b. Failed to accurately disclose the amount of the debt;

c. Stated the balance may include interest, late charges, and other charges;

d. Falsely threatened the sale of property;

e. Threatened to take an action that cannot legally be taken;

f. Falsely implied a licensed attorney had conducted meaningful review of the consumer's account prior to the mailing of those communications;

g. Made a false representation to collect a debt;

h. Failed to state the correct amount of the debt;

    i. Confused the name(s) of the creditors to who whom the debt is due;

    j. Confused the dispute and/or verification of the debt;

    k. Engaging in debt collection without a bond; and/or

    l. Used a false representation to collect a debt.

46. With respect to the Nationstar Class, this claim is brought on behalf of all natural persons with addresses in the State of Texas, whose foreclosed, non-recourse debts were placed into collections during the period beginning two years prior to the filing of this action and ending 21 days thereafter, which either:

    a. Falsely represented the character, amount, or legal status of a debt;

    b. Threatened or caused threats to take actions that cannot legally be taken to be made; and/or

    c. Using a false representation to collect a debt.

47. With respect to the Harvey Class, this claim is brought on behalf of all persons who meet the class definition set forth

above and who paid their alleged debts or any other sums
not legally chargeable to the consumer.

48. With respect to the Nationstar class, this claim is brought
on behalf of all persons who meet the class definition set
forth above and who received false representations and/or
threats to take actions that cannot legally be taken.

49. The identities of all class members are readily
ascertainable from the records of Harvey and Nationstar.

50. Excluded from the both Classes are the Defendants and
each of their respective officers, member, partners,
managers, directors, and employees and their respective
immediate families, and legal counsel for all parties to this
action and all members of their immediate families.

51. There are questions of law and fact common to the Harvey
Class, which common issues predominate over any issues
involving only individual class members. The principal issue
is whether the Defendants' written communications, in the
form attached as Exhibits B and C violate 15 U.S.C. §§
1692e, 1692e(2)(A), 1692e(3), 1692e(4), 1692e(5), 1692e(10),

1692f(1), 1692g(a)(1), 1692g(a)(2), and 1692g(b), as well as Tex. Fin. Code §§ 392.102, 392.301(a)(8), 392.303(a)(2), 392.304(a)(19).

52. There are questions of law and fact common to the Nationstar Class, which common issues predominate over any issues involving only individual class members. The principal issues with respect to the Nationstar Class are whether Defendant placed extinguished debt out for collection in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and Tex. Fin. Code § 392.304(a)(19).

53. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

54. The Plaintiff will fairly and adequately protect the interests of both Classes in this Complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff not her attorney have any interests which might cause them not to vigorously pursue this action.

55. This action has been brought, and may properly be maintained, as a class pursuant to the provision of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. Numerosity: Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Classes defined above are so numerous that joinder of all members would be impractical.

    b. Common Questions Predominate: Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members.

        i. Common questions of law and fact exist as to all members of the Harvey Class, the principal issues are whether Defendants' written communications, in substantially the same form attached as Exhibits B and C, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), 1692e(4), 1692e(5),

1692e(10), 1692g(a)(1), 1692g(a)(2), and 1692g(b), as well as Tex. Fin. Code §§ 392.101, 392.301(a)(8), 392.303(a)(2), 392.304(a)(19).

ii.  With respect to the Nationstar Class the principal issues are whether Defendant placed extinguished debt out for collection in violation of 15 U.S.C. § 1692e, 1692e(2)(A), 1692e(5) and Tex. Fin. Code § 392.304(a)(19).

c.  Typicality: The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Classes and have claims arising out of Defendants' common uniform course of conduct complained of herein.

d.  Adequacy: The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interest that is averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits,

complex legal issues, and class actions. Neither the Plaintiff nor their counsel have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. Superiority: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

56. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting an individual member, and a class action is superior to other available

methods for the fair and efficient adjudication of the controversy.

57. Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the Classes, Class Claims, and the Class Periods, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

**First Cause of Action – Violations of the Fair Debt Collections Practices Act Against Harvey**

58. Plaintiff reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

59. The Defendants violated the FDCPA. Defendant's violations with respect to its written communications in the form attached as Exhibits B and C include, but are not limited to the following:

a. Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

b. Failing to accurately identify the creditor of the alleged debt in violation of 15 U.S.C. § 1692g(a)(2);

c. Failing to accurately disclose the amount of the debt in violation of 15 U.S.C. § 1692g(a)(1);

d. Stating the balance may include interest, late charges, and other charges in violation of 15 U.S.C. § 1692e(2)(A);

e. Failing to state the correct amount of the debt in violation of 15 U.S.C. § 1692e(2)(A);

f. Falsely threatening the sale of property 15 U.S.C. § 1692e(4);

g. Threatened to take an action that cannot legally be taken in violation of 15 U.S.C. § 1692e(5);

h. Falsely implying a licensed attorney had conducted meaningful review of the consumer's account prior to

the mailing of those communications in violation of 15
U.S.C. § 1692e(3) ;

i.  Confusing the name(s) of the creditors who whom the
debt is due in violation of 15 U.S.C. § 1692g(a)(2);

j.  Confused the dispute and/or verification of the debt in
violation of 15 U.S.C. § 1692g(b);

## Second Cause of Action – Violations of the Texas Debt Collection Practices Act Against Harvey

60. Plaintiff realleg and incorporate by reference the
allegations in the preceding paragraphs of this Complaint.

61. Defendant Harvey violated the TDCPA. Defendant's
violations with respect to its written communications in the
form attached as Exhibits B and C include, but are not
limited to the following:

a.  Engaging in debt collection without a bond in violation
of Tex. Fin. Code § 392.101; and/or

b.  Using a false representation to collect a debt in
violation of Tex. Fin. Code § 392.301(a)(8);

c.  Collecting or attempting to collect interest or a charge, fee, or expense not legally chargeable in violation of Tex. Fin. Code § 392.303(a)(2); and

d. Using any other false representation of deceptive means to collect a debt in violation of 392.304(a)(19).

**Third Cause of Action – Violations of the Fair Debt Collection Practices Act Against Nationstar**

62. Plaintiff reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

63. The Defendant Nationstar violated the FDCPA. Defendant's violations with respect to its communications in the form attached as Exhibits B and C include, but are not limited to the following:

a. Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

b. Falsely represented the character, amount, or legal status of a debt in violation of 15 U.S.C. § 1692e(2)(A); and

c. Threatening or causing to be made threats to take actions that cannot legally be taken in violation of 15 U.S.C. § 1692e(5).

## Fourth Cause of Action – Violations of the Texas Fair Debt Act against Nationstar

64. Plaintiff realleged and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

65. The Defendant Nationstar violated the TDCPA. Defendant's violations with respect to its communications in the form attached as Exhibits B and C include, but are not limited to using a false representation to collect a debt in violation of Tex. Fin. Code 392.304(a)(19).

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor and in favor of the Classes (defined above) as follows:

A. For the First Cause of Action:

 a. An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Harvey Class as previously set forth and defined.

 b. An award of statutory damages for Plaintiff and the Harvey Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

 c. An award of actual damages for Plaintiff and the Harvey Class, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

 d. Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

e. For such other and further relief as may be just and proper.

B. For the Second Cause of Action:

a. An order certifying that the Second Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Harvey Class as previously set forth and defined.

b. An award of statutory damages for Plaintiff and the Harvey Class pursuant Tex. Fin. Code § 392.403(e);

c. An award of actual damages for Plaintiff and the Harvey Class, in an amount to be determined at trial, pursuant to Tex. Fin. Code § 392.403(a)(2);

d. Attorney's fees, litigation expenses, and costs pursuant to Tex. Fin. Code § 392.403(b); and

e. For such other and further relief as may be just and proper.

C. For the Third Cause of Action:

a. An order certifying that the Third Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Nationstar Class as previously set forth and defined.

b. An award of statutory damages for Plaintiff and the Nationstar Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

c. An award of actual damages for Plaintiff and the Nationstar Class, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

d. Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

e. For such other and further relief as may be just and proper.

D. For the Fourth Cause of Action:

a. An order certifying that the Fourth Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing

27 of 28

Plaintiff and the undersigned counsel to represent the Nationstar Class as previously set forth and defined.

b. An award of statutory damages for Plaintiff and the Nationstar Class pursuant Tex. Fin. Code § 392.403(e);

c. An award of actual damages for Plaintiff and the Nationstar Class, in an amount to be determined at trial, pursuant to Tex. Fin. Code § 392.403(a)(2);

d. Attorney's fees, litigation expenses, and costs pursuant to Tex. Fin. Code § 392.403(b); and

e. For such other and further relief as may be just and proper.

**Jury Demand**

Plaintiff hereby demand that this case be tried before a Jury.

Dated: 2/9/2018          Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436
Law Office of Bill Clanton, P.C.
926 Chulie
San Antonio, TX 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com